Matthew Franklin Jaksa (CA State Bar No. 248072)
HOLME ROBERTS & OWEN LLP
560 Mission Street, 25th Floor
San Francisco, CA  94105-2994
Telephone:   (415) 268-2000
Facsimile:    (415) 268-1999
Email:          matt.jaksa@hro.com

Attorneys for Plaintiffs,
UMG RECORDINGS, INC.; SONY BMG
MUSIC ENTERTAINMENT; and
INTERSCOPE RECORDS

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., a Delaware corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; and INTERSCOPE RECORDS, a California general partnership,<br><br>                    Plaintiffs,<br><br>     v.<br><br>JOHN DOE,<br>                    Defendant. | CASE NO. 3:07-CV-04850-PJH<br><br>Honorable Phyllis J. Hamilton<br><br>**PLAINTIFFS' *EX PARTE* APPLICATION FOR EXTENSION OF TIME TO EFFECTUATE SERVICE AND [PROPOSED] ORDER** |

Pursuant to Rules 4(m) and 6(b)(1)(A) of the Federal Rules of Civil Procedure, Plaintiffs respectfully request the Court for an additional 90 days to serve Defendant with the Summons and Complaint. As further explained below, while Plaintiffs believe they have discovered the "John Doe" defendant's true identity, they have so far refrained from filing a First Amended Complaint naming her as an individual defendant to allow time for settlement negotiations, and Plaintiffs hereby request additional time to effectuate service in the event the First Amended Complaint is filed. In support of their request, Plaintiffs state as follows:

1. The deadline for service of process on Defendant is January 18, 2008. The initial case management conference is scheduled for April 3, 2008, as continued by the Court's Order of December 21, 2007 upon Plaintiffs' request.

2. Plaintiffs filed their Complaint for Copyright Infringement against Defendant John Doe ("Defendant") on September 20, 2007. Plaintiffs did not have sufficient identifying information to name Defendant in the Complaint, but were able to identify Defendant by the Internet Protocol address assigned to Defendant by Defendant's Internet Service Provider ("ISP") – here, California State University, Monterey Bay. In order to determine Defendant's true name and identity, Plaintiffs filed their *Ex Parte* Application for Leave to Take Immediate Discovery on June 13, 2007, requesting that the Court enter an Order allowing Plaintiffs to serve a Rule 45 subpoena on the ISP.

3. The Court entered an Order for Leave to take Immediate Discovery on October 1, 2007 which was promptly served upon the ISP along with a Rule 45 subpoena.

4. On November 30, 2007, the ISP responded to Plaintiffs' subpoena, providing Plaintiffs with identifying information including Defendant's name, telephone number, and address.

5. Upon receipt of this information from the ISP, Plaintiffs sent a letter to Defendant notifying her of their claims for copyright infringement and encouraging her to make contact to attempt to amicably resolve this matter.

1

Ex Parte Application for Extension of Time to Effectuate Service and [Proposed] Order
Case No. 3:07-cv-04850-PJH
#34794 v1

6. In response, Defendant contacted Plaintiffs and there have been discussions concerning settlement. To date no settlement agreement has been reached.. .

7. Given the circumstances of this case, Plaintiffs respectfully request an additional 90 days to effectuate service. Plaintiffs wish to give Defendant a reasonable period of time to conclude negotiations aimed at resolving this case and should they fail to do so are prepared to amend the complaint to name her as an individual defendant.

8. Plaintiffs submit that the efforts to give written notice to Defendant of their claim and subsequent efforts to resolve the case without further litigation constitute "good cause" under Rule 4(m) for any delay in perfecting service. *See Ritts v. Dealers Alliance Credit Corp.,* 989 F. Supp. 1475, 1479 (N.D. Ga. 1997) (stating good cause standard for service extensions). This Court has discretion to enlarge the time to serve even where there is no good cause shown. *Henderson v. United States,* 517 U.S. 654, 658 n. 5 (1996). Plaintiffs acted in good faith to try to settle this matter with Defendant without potentially damaging her credit by naming her in the suit as well as attempting to avoid the cost of further litigation for both parties. Moreover, unlike a traditional case in which the defendant is known by name and efforts to serve can begin immediately after filing the complaint, in this case Plaintiffs first had to obtain the identity of the defendant through the subpoena to the ISP.

9. Because the copyright infringements here occurred in 2007, the three-year limitations period for these claims has not expired. *See,* 17 U.S.C. § 507(b) (2000). There can thus be no prejudice to the Defendant from any delay in serving the Complaint.

Ex Parte Application for Extension of Time to Effectuate Service and [Proposed] Order
Case No. 3:07-cv-04850-PJH
#34794 v1

10. Plaintiffs will provide the Defendant with a copy of this request and any Order concerning this request when service of process occurs.

Dated: January 11, 2007

HOLME ROBERTS & OWEN LLP

By: _____/s/ Matthew Franklin Jaksa____
MATTHEW FRANKLIN JAKSA
Attorney for Plaintiffs
UMG RECORDINGS, INC.; SONY BMG MUSIC ENTERTAINMENT; and
INTERSCOPE RECORDS

## ORDER

Good cause having been shown:

**IT IS ORDERED** that, pursuant to the Federal Rules of Civil Procedure, Rules 4(m) and 6(b), Plaintiffs' time to serve the summons and complaint on Defendant is hereby extended to April 17, 2008.

Dated: January 14, 2008    By: _____

*IT IS SO ORDERED*
*Judge Phyllis J. Hamilton*
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA